# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

DENNIS BURCH,

            Plaintiff,

v.                                                 CIVIL ACTION NO. 2:17-cv-03311

BENITA MURPHY, et al.,

            Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Application to Proceed without Prepayment of Fees and Costs, (ECF No. 1), Motion for Appointment of Counsel, (ECF No. 4), and Motion for Certification of the Class, (ECF No. 5). Plaintiff, a West Virginia inmate incarcerated at the Huttonsville Correctional Center, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 on June 16, 2017. (ECF No. 2.) As Plaintiff proceeds *pro se*, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 6.) Magistrate Judge Tinsley entered his PF&R on February 26, 2018, recommending that the Court deny Plaintiff's Application to Proceed without Prepayment of Fees and Costs, his Motion for Appointment of Counsel, and his Motion for Certification of the Class, and dismiss the Complaint. (ECF No. 11.)

# I. BACKGROUND

This action challenges the constitutionality of West Virginia's parole review statute as applied retroactively to inmates serving life with mercy sentences for crimes committed prior to the statute's amendment on July 10, 1997. Before the amendment, the statute required the West Virginia Board of Parole to "at least once a year reconsider and review the case of every prisoner so eligible." W. Va. Code § 62-12-13(a)(5) (1988). The section was amended in 1997 to provide that the Board of Parole "may reconsider and review parole eligibility within three years following the denial of parole of a person serving a life sentence with the possibility of parole." W. Va. Code § 62-12-13(a)(5) (1997). This amendment affected the "setoff" date for those serving life with mercy sentences, which the West Virginia Supreme Court of Appeals ("WVSCA") has described as meaning "the time until the next parole review is given by a parole board when it denies parole to a prisoner . . . ." *State ex rel. Carper v. W. Va. Parole Bd.*, 509 S.E.2d 864, 869 (W. Va. 1998). Despite the section's re-codification and a subsequent amendment, as noted in the PF&R, the pertinent language concerning the current three-year setoff has not changed. *See* W. Va. Code § 62-12-13(e) (2017). Because the challenged statute is applied to all prisoners serving life with mercy sentences, Plaintiff seeks to pursue his claim on behalf of all West Virginia state prisoners similarly situated, namely those who are serving life with mercy sentences for crimes committed prior to the statute's July 10, 1997, amendment. Plaintiff alleges that the retroactive application of the statute to him and the proposed class violates the *Ex Post Facto* Clause of the U.S. Constitution, Article I, § 10.

## II. STANDARD OF REVIEW

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiff filed timely objections to the PF&R.[1]

## III. DISCUSSION

Plaintiff raises three objections to the PF&R, arguing that he raises a viable claim under the *Ex Post Facto* Clause, his claim meets the standard for class certification, and exceptional circumstances exist warranting the appointment of counsel.

Upon *de novo* review, the Court sustains in part Plaintiff's first objection. Plaintiff's Complaint generally challenges the retroactive application of the 1997 amendment as applied to him and other inmates serving life with mercy sentences for crimes committed prior to the amendment. The PF&R conducts a sound analysis applying the Supreme Court's decision in

---

[1] Objections to the PF&R were due by March 15, 2018. While the Court did not receive Plaintiff's objections until March 16, 2018, the envelope in which they were sent indicates that the objections were mailed on March 14, 2018. (*See* ECF No. 13-1.) Pursuant to the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), Plaintiff's objections are timely and the Court will consider them in full.

*California Department of Corrections v. Morales*, 514 U.S. 499 (1995), and the WVSCA's opinion in *Carper*, 509 S.E.2d at 864, to the factual allegations set forth in the Complaint. The Magistrate Judge made a proposed finding that Plaintiff failed to state a plausible violation of the *Ex Post Facto* Clause based on an assumption that "the due process measures discussed in *Carper* are met." (ECF No. 11 at 8–9.) The Complaint does not allege that the Board of Parole has failed to implement the due process measures enunciated in *Carper*.

For the first time in his objections, Plaintiff alleges that "the safeguards mandated by *Carper* have *never* been met by the Board." (ECF No. 13 at 7 (emphasis in original).) This factual allegation is not found on the face of the Complaint, but it represents an argument in support of the Complaint's underlying claim that the retroactive application of the amended statute to Plaintiff and similarly situated inmates violates the *Ex Post Facto* Clause. As the Fourth Circuit explained in *United States v. George*, "*de novo* review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate." 971 F.2d 1113, 1118 (4th Cir. 1992), *quoted in Samples v. Ballard*, 860 F.3d 266, 272 (4th Cir. 2017). As such, the Court will consider Plaintiff's assertion regarding *Carper*.

The PF&R's proposed finding that Plaintiff failed to state a plausible violation of the *Ex Post Facto* Clause was based, in part, on Plaintiff's failure to allege that the Board of Parole has not complied with the mandates of *Carper* as reiterated in *State ex rel. Stollings v. Haines*, 569 S.E.2d 121 (W. Va. 2002). *See also Neuman v. Frazier*, Nos. 1:07–00739, 1:08–00127, 2011 WL 976678, at *2 (S.D. W. Va. 2011). In light of Plaintiff's argument that the retrospective application of the amended statute to him and similarly situated inmates violates the *Ex Post Facto*

4

Clause because the due process requirements set forth by the WVSCA in *Carper* have not been followed by the Board of Parole, the Court finds that this supplemental allegation from the objections warrants a responsive pleading from Defendants. Consequently, the Complaint should not be dismissed at a stage when the record is wholly undeveloped as to that argument, and the Court declines to adopt the PF&R on that basis. Because this finding effectively moots the other portions of the PF&R, the Court finds it unnecessary to analyze the merits of Plaintiff's other objections, and they will be overruled as moot.

## IV. CONCLUSION

For these reasons, the Court **SUSTAINS** Plaintiff's first objection regarding the ex post facto claim insofar as he alleges that the due process requirements enunciated by the WVSCA in *Carper* have not been followed in his or other similarly situated prisoners' parole hearing determinations. Plaintiff's other objections are **OVERRULED AS MOOT**. The Court further **DECLINES** to adopt the PF&R and **DIRECTS** the Magistrate Judge to serve process on the named Defendants in this matter. The Court further **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel, (ECF No. 4), and Motion for Certification of the Class, (ECF No. 5), as responsive pleadings will better develop the record as to the appropriateness of class certification and the appointment of counsel. Plaintiff will have an opportunity to re-file his motions once service of process has occurred and responsive pleadings have been filed. This case is **RE-REFERRED** to Magistrate Judge Tinsley for further findings of fact and a recommendation for disposition.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 28, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE