# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

DENNIS BURCH,

       Plaintiff,

v.                                      CIVIL ACTION NO.  2:17-cv-03311

BENITA MURPHY, et al.,

       Defendants.

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Rule 59(e) Motion to Alter Judgment, (ECF No. 48), requesting the Court to reconsider its previous ruling, adopting the magistrate judge's proposed findings and recommendation and granting Defendants' motion to dismiss, (ECF No. 45).  For the reasons discussed herein, the Court **GRANTS** the motion.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an inmate at Huttonsville Correctional Center, filed this action on June 16, 2017, pursuant to 42 U.S.C. § 1983.  (ECF No. 2.)  In his complaint, Plaintiff challenges the constitutionality of West Virginia's parole review statute as applied retroactively to inmates serving life with mercy sentences for crimes committed prior to the statute's amendment.  (*Id.*)  By standing order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 6.)  Defendants' filed a motion to dismiss or, alternatively, to strike class action allegations on June

19, 2018. (ECF No. 24.) On February 25, 2019, the magistrate judge submitted his PF&R wherein

he recommended that this Court grant Defendants' motion and dismiss the case. (ECF No. 44.)

Plaintiff's objections to the PF&R were due on March 14, 2019.[1] (*Id.* (citing 28 U.S.C. §

636(b)(1)(B) and Fed. R. Civ. P. 6(d), 72(b)).) No objections to the PF&R had been received as

of March 15, 2019. Thus, the Court entered its Memorandum Opinion and Order adopting the

PF&R, granting Defendants' motion to dismiss and dismissing this action from its docket. (ECF

No. 45.)

On March 19, 2019, the Court received Plaintiff's objections to the PF&R, (ECF No. 47),

and accompanying motion to exceed the page limitation for his objections, (ECF No. 46). Plaintiff

filed the present motion to reconsider on March 25, 2019, arguing that the aforesaid objections

were timely filed and requesting that the Court alter its decision and reinstate this case. (ECF No.

48.) Defendants timely responded to the motion, (ECF No. 49), and Plaintiff timely replied, (ECF

No. 52). As such, the motion is fully briefed and ripe for consideration.

## II. ANALYSIS

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a motion to alter

or amend a judgment within 28 days of the entry of judgment. Such a motion "may only be granted

in three situations: (1) to accommodate an intervening change in controlling law; (2) to account

for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

injustice." *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citation and internal

quotation marks omitted). The gravamen of Plaintiff's Rule 59(e) motion is that the Court should

amend the judgment to correct clear errors of law and prevent manifest injustice.

---

[1] The PF&R states that Plaintiff "shall have fourteen days (filing of objections) and three days (mailing) from [February 25, 2019] the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections . . . ." (ECF No. 44 at 24.)

Plaintiff accurately notes that "a *pro se* litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 Fed. App'x 979, 981 (4th Cir. May 1, 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). In his motion to reconsider, Plaintiff explains that he delivered his objections to prison officials for mailing on March 14, 2019. Plaintiff's objections to the PF&R are dated March 14 and include a cover letter and certificate of service also dated March 14. (*See* ECF No. 47 at 21; ECF No. 46-1 at 1; ECF No. 46 at 3.) In addition, his voucher to withdraw funds demonstrates that he purchased postage for his court filings on March 14. (ECF No. 48-1 at 3.)

There is no evidence contradicting Plaintiff's claim that his objections were tendered to prison officials on March 14. As the PF&R was entered on February 25, 2019, the objections would be deemed timely filed under the "prison mailbox rule." 28 U.S.C. § 636(b) (providing fourteen days in which to file objections upon service of proposed findings and recommendations). Accordingly, the Court finds that Plaintiff's objections were timely filed on March 14, 2019. [2]

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Rule 59(e) motion. (ECF No. 48.) The Court **DIRECTS** the Clerk to remove this action from the Court's docket until further notice from the court of appeals.

---

[2] Plaintiff filed a notice of appeal of this Court's March 15, 2019 judgment before disposition of the instant motion. (ECF No. 50.) A notice of appeal typically "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, the appellate court has advised that it will treat Plaintiff's notice of appeal "as filed as of the date [this Court] disposes of such motion and will docket the appeal following disposition of the motion." (ECF No. 53.) Therefore, because this Court retains jurisdiction over this matter for the limited purpose of resolving the instant motion to alter judgment, the Court must defer ruling on the pending objections to the PF&R until Plaintiff's appeal is resolved.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      May 22, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE