# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

DENNIS BURCH,

        Plaintiff,

v.                                                                  CIVIL ACTION NO. 2:17-cv-03311

BENITA MURPHY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Dennis Burch's ("Plaintiff") *pro se* Complaint, (ECF No. 2), and a motion to dismiss or, in the alternative, to strike class action allegations by Defendants Benita Murphy, Michael Trupo, Carole Greene, and Peggy Pope (collectively, "Defendants"), (ECF No. 24). As Plaintiff proceeds *pro se*, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 6.) Magistrate Judge Tinsley entered his initial PF&R on February 26, 2018, recommending dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted and denial of Plaintiff's companion motions for class certification and appointment of counsel. (ECF No. 11.) On March 28, 2018, this Court sustained Burch's objection to the Magistrate Judge's PF&R based on a new allegation not contained in the Complaint and re-referred the matter for further consideration. (ECF No. 16.)

On June 19, 2018, Defendants filed a motion to dismiss Plaintiff's Complaint or, in the alternative, to strike class action allegations. (ECF No. 24.) Magistrate Judge Tinsley entered his second PF&R on February 25, 2019, recommending that the Court grant Defendants' motion to dismiss, or in the alternative, grant Defendants' motion to strike class action allegations and proceed with only Plaintiff's individual claim. (ECF. No. 44.) On March 14, 2019, Plaintiff filed timely objections to the PF&R. (ECF No. 47.)

For the reasons that follow, the Court **DISMISSES** Plaintiff's Complaint for lack of standing, (ECF No. 2), **OVERRULES AS MOOT** Plaintiff's objections, (ECF No. 47), **DECLINES** to adopt the PF&R **AS MOOT**, (ECF No. 44), **DENIES AS MOOT** Defendants' Motion to Dismiss, (ECF No. 24), and **DENIES AS MOOT** Plaintiff's Motion for Class Certification, (ECF No. 5).

## I. BACKGROUND

On June 16, 2017, Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, challenging the constitutionality of West Virginia's parole review statute as applied retroactively to inmates serving life with mercy sentences for crimes committed prior to the statute's amendment on July 10, 1997. (ECF No. 2.) Before the amendment, the statute required the West Virginia Board of Parole ("the Board") to "at least once a year reconsider and review the case of every prisoner so eligible." W. Va. Code § 62-12-13(a)(5) (1988). The section was amended in 1997 to provide that the Board "may reconsider and review parole eligibility within three years following the denial of parole of a person serving a life sentence with the possibility of parole." W. Va. Code § 62-12-13(a)(5) (1997). This amendment affected the "setoff" date for those serving life with mercy sentences, which the West Virginia Supreme Court of Appeals ("WVSCA") has described as

meaning "the time until the next parole review is given by a parole board when it denies parole to a prisoner . . . ." *State ex rel. Carper v. W. Virginia Parole Bd.*, 509 S.E.2d 864, 869 (W. Va. 1998). Despite the section's re-codification and subsequent amendment, the pertinent language concerning the current three-year setoff has not changed. *See* W. Va. Code § 62-12-13(e) (2017).

Because the challenged statute is applied to all prisoners serving life with mercy sentences, Plaintiff seeks to pursue his claim on behalf of all West Virginia state prisoners similarly situated, namely those who are serving life with mercy sentences for crimes committed prior to the statute's July 10, 1997, amendment. Plaintiff alleges that the retroactive application of the statute as to him and the proposed class violates the *Ex Post Facto* Clause of the U.S. Constitution, Article I, § 10 because "the safeguards mandated by *Carper* have *never* been met by the Board." (ECF No. 13 at 7 (emphasis in original).) In other words, he contends that the Board has never provided a "case-specific individualized determination" when deciding the frequency of future parole hearings for prisoners who have been denied parole and given a setoff of more than one year.[1] *Carper*, 509 S.E.2d at 871. As his requested relief, Plaintiff seeks a declaration that the retroactive application of the three-year setoff provision to the class of life with mercy inmates, who committed their crimes before July 10, 1997, violates the federal E*x Post Facto* Clause. He further seeks an injunction requiring the Board to hold annual parole hearings for such inmates. (ECF No. 2 at 9.)

Magistrate Judge Tinsley concluded that Plaintiff "has not shown that the amended West Virginia statute will have the effect of prolonging his punishment either on the face of the statute or as applied to his specific circumstances[,]" and, thus, Plaintiff has failed to state a plausible

---

[1] According to the Complaint, Plaintiff initially became eligible for parole in 2012 and was, subsequently, denied parole on two occasions, in October 2013 and October 2016. He unsuccessfully challenged the initial 2012 and 2013 denials in state habeas corpus proceedings, and administratively appealed the 2016 denial without success prior to filing the instant lawsuit. (ECF No. 2 at 4–7).

3

violation of the *Ex Post Facto* Clause in Article I, § 10 of the United States Constitution. (ECF No. 44 at 15.) Further, the magistrate judge found that Plaintiff has not demonstrated that this matter is appropriate for class certification under Rule 23. (*Id.* at 22–23.) Accordingly, the PF&R recommends that this Court grant Defendants' motion to dismiss Plaintiff's Complaint or, in the alternative, grant Defendants' motion to strike class action allegations and proceed with only Plaintiff's individual claim. Plaintiff timely filed objections. (ECF No. 47.)

## II. STANDARD OF REVIEW

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. DISCUSSION

Plaintiff raises two objections to the second PF&R, arguing that the Magistrate Court erred in finding that (1) the Complaint fails to state a claim upon which relief can be granted, and (2)

4

this matter is inappropriate for class certification. However, the Court notes that Plaintiff has been released on parole, which calls into question this Court's subject matter jurisdiction.

Federal district courts are courts of limited subject matter jurisdiction, possessing "only the jurisdiction authorized to them by the United States Constitution and by federal statute." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2008). If subject matter jurisdiction is lacking, the claim must be dismissed. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). Under the Federal Rules of Civil Procedure, a motion to dismiss for lack of subject matter jurisdiction may be raised at any point in the litigation process, even if the parties had previously argued that subject matter jurisdiction existed. *See* Fed. R. Civ. P. 12(b)(1). In fact, the court may dismiss a case *sua sponte* for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Article III gives federal courts jurisdiction only over cases and controversies, and standing is an integral component of the case or controversy requirement. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *CGM, LLC v. BellSouth Telecommunications, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). Because adequate standing is essential to invoking the authority of the federal courts, a lack of standing warrants dismissal of the action. *See DaimlerChrysler Corp.*, 547 U.S. at 342. Thus, standing presents a threshold question of jurisdiction that the Court must address *sua sponte*. *See Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005).

To establish Article III standing, an injury must be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (for a plaintiff to have standing to pursue a claim, "the injury must affect the plaintiff in a personal and individual way"). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose,

5

which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending." *Id.*, at 565 n.2 (internal quotation marks omitted). Thus, the Supreme Court has repeatedly explained that "threatened injury must be certainly impending to constitute injury in fact," and that "[a]llegations of possible future injury" are not sufficient. *Id.* at 565 n.2, 567, n.3.

In this case, Plaintiff lacks an injury in fact, let alone one that is "fairly traceable" to W. Va. Code § 62-12-13(e). While Plaintiff was sentenced to life with mercy, he has subsequently been released on parole after serving 23 years in prison. (*See* ECF No. 61.) Thus, Plaintiff cannot demonstrate an impending injury, such that the amended West Virginia parole review statute will create a significant risk of prolonging his punishment. *See Lujan*, 504 U.S. at 560–61 (for a plaintiff to have standing to pursue a claim, "the injury must affect the plaintiff in a personal and individual way"). Further, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Additionally, the possibility that another occasion might arise when Plaintiff is again arrested, charged, and sentenced to life with mercy for violation of a criminal law and subjected to the same parole statute is merely speculation and conjecture and cannot support standing for declaratory or injunctive relief. Consequently, even though Plaintiff initially had standing to file this suit, it is apparent that he no longer has standing to pursue this claim.

Ordinarily, the Court would direct Plaintiff to show cause why this case should not be dismissed for lack of standing. However, the Court finds that such a process is needlessly belabored here given that Plaintiff's lack of standing is clear. *See, e.g., George v. Islamic Republic*

6

*of Iran*, 63 F. App'x 917 (7th Cir. 2003) (affirming district court's decision to *sua sponte* dismiss the complaint for lack of subject matter jurisdiction without first providing the plaintiff notice because the jurisdictional defect was incurable even if given the opportunity to amend the complaint); *see also Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977) (stating that "there is no doubt that the District Court could dismiss the plaintiff's action *sua sponte* for failure of federal jurisdiction pursuant to [Rule] 12(h)(3)"). Accordingly, Plaintiff's Complaint is **DISMISSED** for lack of standing.

## IV. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Complaint for lack of standing, (ECF No. 2), **OVERRULES AS MOOT** Plaintiff's objections, (ECF No. 47), **DECLINES** to adopt the PF&R **AS MOOT**, (ECF No. 44), **DENIES AS MOOT** Defendants' Motion to Dismiss, (ECF No. 24), and **DENIES AS MOOT** Plaintiff's Motion for Class Certification, (ECF No. 5). The Court further **DIRECTS** the Clerk to remove this case from the Docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 18, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE